## Case No. 5,365.

### GERMOND v. ANTHRACITE INS. CO.

[2 Wkly. Notes Cas. 399.]

District Court, E. D. Pennsylvania.    Sept. 10, 1875.

#### INSURANCE UPON ADVANCES.

Insurer of a debt liable only to extent that the res as a security is impaired by the peril insured against. No contribution for general average in insurance on advances.

In admiralty. This was an action upon a policy of insurance for $4,500, effected by libellant upon advances valued at the sum insured upon the bark Irma, from Baltimore to Aspinwall, in which the libellant claimed for a total loss. The vessel sailed from Baltimore, and becoming disabled put into Nassau, where she remained for over four months. The master being unable to obtain funds to continue the voyage, the bark sailed for New York, under a bottomry bond for $4,500, given to secure a debt incurred for temporary repairs and the expenses of the vessel while at Nassau, for nonpayment of which she was, under proceedings instituted under the Nassau bottomry bond, sold at marshal's sale in New York for $1,350. A reference to commissioners was had, who reported that the amount of expenses incurred for sea damages, included in the bottomry bond, was $2,000, and that the contribution in general average, payable by the vessel for the detention in the port of necessity, was $896, making the total sum payable by the vessel $2,896.

Mr. Coulston, for libellant, argued that this was an abandonment of the voyage, and that the sale under the bottomry bond at New York constituted a technical total loss, and, the insurance company, having neglected to take up the bottomry bond, the whole amount of the policy should be paid by the respondents; that respondents had acted as insurers upon the hull, and had placed themselves in the predicament of accepting an abandonment, although an actual abandonment by libellant was impossible, and cited Arn. Ins. 944; Bradlie v. Maryland Ins. Co., 12 Pet. [37 U. S.] 378; Da Costa v. Newnham, 2 Term R. 407.

Mr. Henry, contra, contended that there was no total loss, as there was no abandonment, nor would the sale by reason of the failure of the owner to furnish funds for the vessel at Nassau, change a partial to a total loss. American Ins. Co. v. Ogden, 20 Wend. 287. The utmost extent to which liability attached under this policy was for sea damages sustained by the vessel. The insurer of a debt was liable only to the extent that the res as a security is impaired by the perils insured against. 1 Pars. Mar. Ins. 229. Smith v. Columbia Ins. Co., 17 Pa. St. 253. The general average charges upon the hull cannot be considered in an insurance upon advances also; otherwise in adjusting a loss, in addition to the known contributory interests of hull, freight and cargo, it would be necessary to add another interest. that of lien creditors, whose debt has been preserved by such expenditure, for which there is no authority, and which would render adjustments too uncertain.

THE COURT (CADWALADER, District Judge) was of opinion that no question of contribution, under the name of general average, or otherwise, arose in this case, and decreed for the amount of the sea damage, as reported by the commissioners, $2,000, with interest. Decree accordingly.